**BARRETT v. SELL et al.**

No. 7305.

United States District Court
W. D. Missouri, W. D.

Sept. 22, 1952.

where attorney's fees were allowed where the landlords had rather innocently exacted too much rent. Moreover, the statute appears to leave the matter in the discretion of the court.

In view of the facts in the case it would appear that the court was entirely justified in denying counsel an attorney's fee. Accordingly the motion for a new trial, or to amend judgment, should be overruled and it will be so ordered.

Irving Achtenberg, Kansas City, Mo., for plaintiff.

Cliff Bailey, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

Able counsel for the plaintiff urges by his motion and a brief in support thereof that the court should have awarded an allowance for attorney's fee and that failure to do so was an abuse of discretion and reversible error.

The testimony showed on the trial that the landlords were not willful in making overcharges, that is, charging rentals beyond the maximum fixed by the Expediter. Moreover, it appeared that the defendants, or landlords, were at all times ready to make restitution of such overcharges and had so advised counsel.

Section 1895, Title 50 U.S.C.A.Appendix contains the following pertinent language in respect of attorney's fees.

"(a) Any person who * * * accepts * * * or retains any payment of rent in excess of the maximum rent prescribed under the provisions of this Act * * * shall be liable * * * for reasonable attorney's fees and costs *as determined by the court* * * *." (Emphasis mine.)

While there are a number of cases to the effect that in the case of willful exaction of excessive rentals, attorney fees may be and should be allowed, yet no case is found